### Edwin Beard v. The American Type Founders Company.

1. FINDING OF COURT—*a different finding cannot be substituted for.* A court after entering its finding cannot set the same aside and enter a new and different finding without a second trial intervening.

Action of assumpsit. Appeal from the County Court of McLean County; the Hon. ROLLAND A. RUSSELL, Judge, presiding. Heard in this court at the May term, 1905. Reversed and remanded. Opinion filed October 9, 1905.

JAMES L. LOAR, for appellant.

LIVINGSTON & BACH and O. W. BATRUM, for appellee.

MR. JUSTICE GEST delivered the opinion of the court.
This suit was commenced by appellee against Edwin Beard, Samuel P. Beard and Harry C. Beard, as partners under the style of Beard Brothers, to recover a balance claimed for type and other material alleged to have been sold and delivered by plaintiff to the partnership.

Beard v. American Type Founders Co.

By agreément of all the parties a jury was waived and trial had by the court. After hearing the evidence the court made and entered of record its finding in favor of the defendants. Some days afterwards the plaintiff moved the court "that the summons and subsequent proceedings be amended by striking out as defendants Samuel Beard and Harry Beard doing business under the firm name and style of Beard Brothers, and for leave to have suit proceed as against Edwin Beard, and for a change in the findings of the court accordingly, and a judgment in favor of plaintiff and against Edwin Beard." The court allowed the motion and thereupon made and entered of record its finding in favor of the plaintiff and against the defendant, Edwin Beard, for the sum of $53.42 and entered judgment thereon, to which action of the court the defendant fully excepted, and this action is assigned as error. After making and entering of record its finding in favor of the defendants the court had the power to set aside such finding and grant a new trial, but it had no power to set aside such finding and without a new trial make another finding upon the evidence that had been adduced and enter judgment thereon. The first finding of the court was in legal effect the verdict of the jury, and when that verdict was entered of record the jury was discharged from the consideration of the case. The court was the jury, and the court after rendering its verdict and after the same was entered of record, could no more again consider of its verdict than could a jury days after the rendition of its verdict be recalled and charged with the reconsideration of its verdict. Travers v. Wormer, 13 App. 39, is very like this case, and the views there expressed meet our approval. The error is well assigned. The judgment is reversed and the cause remanded.

*Reversed and remanded.*